IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:23-cv-02280 |
| v. ) | |
| ) | Honorable Colleen R. Lawless |
| UNIVERSITY OF ILLINOIS, et al ) | |
| ) | Magistrate Judge Karen L. McNaught |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITOIN TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

I.   INTRODUCTION

Plaintiff, John Doe ("John") files this Reply Brief in Support of his Motion for Temporary Restraining Order and Preliminary Injunction against Defendant University of Illinois ("Defendant") other named Defendants and individual members and associates of the Office of Student Conflict Resolution ("Defendants") in order to immediately halt the Defendant's enforcement of John Doe's dismissal from the University of Illinois, less than five days before the start of the Fall 2023 final exams.

The Plaintiff will not repeat in its entirety the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and does not make any concessions to the Defendant's memorandum opposing John Doe's request. However, the Plaintiff will focus on a few glaring issues with the Defendant's response to the Plaintiff's motion preliminary and injunctive relief.

## II. UNIVERSITY JURISDICTION

The Defendant is correct, the crux of the Plaintiff's argument for relief is based on the Defendant University of Illinois' lack of jurisdiction to preside over a Title IX investigation into Jane Roe's complaint and the lack of jurisdiction of the University to dismiss the Plaintiff for the Title IX complaint. Consistent with Seventh Circuit precedent, the Plaintiff need only show a likelihood of success on the merits on at least one of its claims. Checker Car Club of Am., Inc. v. Fay, 262 F. Supp. 3d 621, 626 (N.D. Ill. 2017). The Plaintiff is not required to show a likelihood of success on all of the claims or even a preponderance of the claims, simply one claim. Here the record and relevant Title IX law weighs overwhelmingly in favor of the Plaintiff's position that the University of Illinois did not have lawful authority to exercise Title IX jurisdiction over complained of conduct, alleged to have occurred in a private hotel in Nashville, Tennessee, bearing absolutely no relation to the University of Illinois. (See Dkt. 8 and Dkt. 10, Plaintiff's Amended Complaint and Amended Memorandum of Law respectively)

The Plaintiff is not required to show likelihood of success on all claims. Nor is the Plaintiff required to show likelihood of success under the University of Illinois non-Title IX sexual misconduct policy. However, the Plaintiff succeeds even under the University of Illinois' non-Title IX sexual misconduct policy.

Even in light of the Defendant's response, it is virtually without dispute, that the Defendant University of Illinois does not and did not have Title IX jurisdiction over the allegation alleged to have occurred in a Nashville private hotel room. The entirety of the Defendant's response brief is designed to distract from that glaringly obvious point.

That point notwithstanding, under the non-Title IX policy, the Student Code does not bestow jurisdiction on the University or the Panel for alleged conduct occurring in another State

at a private hotel at an event unconnected to the University. The same Student Code provisions apply whether this was a Title IX or non-Title IX investigation. The Defendant incorrectly misstates the scope of the Defendant University of Illinois' code of conduct and jurisdictional limits in the Defendant's response brief. With respect to § 1-302.b.1 of the Student Code, the jurisdiction of the University of Illinois and the panel/committee remains the same. According to the University's Procedures for Addressing Discrimination, Harassment, and Non-Title IX Sexual Misconduct Complaints  (See https://go.illinois.edu/non-tix-procedures ), "[t]he Office for Student Conflict Resolution (OSCR) has jurisdiction over complaints against students or student organizations pursuant to the Student Code." Even for non-Title IX investigations, § 1-301(b) of the Student Code makes clear that the University discipline system may take action for off-campus activity only if the activity "substantially affect[s] the university community's interest." And, according to Section 1.05 of the University's Student Disciplinary Procedures (as found at www.conflictresolution.illinois.edu), "The University has jurisdiction over student conduct that occurs on university property, or in connection with official university programs or functions whether on or off university property." The Defendants cannot make a good faith argument that the private hotel as alleged by Jane Roe was connected with a university program or function. The jurisdictional reach of the Defendant is evidence of and in direct correlation to, the biased zealous prosecution of John Doe due to his status as a male accused of sexual misconduct.

### III.     THE PLAINTIFF HAS AMENDED ITS COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION

The Plaintiff, pursuant to Rule 15 has filed an amended complaint and also filed an amended motion for temporary restraining order and preliminary injunctive relief. Thus, the

Defendant's argument concerning authorization of suit on proper party is moot and cured. (See Dkt. 10 and Dkt. 8).

**IV.     THE DEFENDANT EXHIBIT F OFFERS NO EVIDENTIARY VALUE**

The Defendant attempts to distract from the obvious lack of jurisdiction and reckless biased investigation by offering four obscure letters purported to be addressed to witnesses (See Exhibit F; dkt. 6-6). These letters offer no evidentiary value. First, these letters were never made part of the Evidence packet or record. Second, these letters do not confirm that witnesses ever actually received the letter. The letters do not confirm the time and date the letters were transmitted. These letters do not confirm that the University made a good faith attempt to contact University student eyewitnesses. Further, should the attached letters represent the only attempt made at contacting eyewitnesses to a purported sexual assault, this would further bolster John's position that the investigation was biased, intentionally careless, willfully indifferent, willfully negligent and designed to achieve the goal of dismissing John from the University of Illinois. The University of Illinois is well equipped to contact any current student of the University. The University has numerous mechanisms for contacting any current student of the University. Including but not limited to cell phone numbers, family telephone numbers, family contact information, and local and home addresses. These exhibits are evidence that the University was not interested in obtaining a full, complete, unbiased collection of the accounts alleged to have occurred in Nashville, Tennessee. Any failure to contact witnesses was the due to the intentional indifference of the Defendant rooted in bias and unlawful intent to discriminate against John due to his status as a male accused of sexual misconduct.

## IV. CONCLUSION

Wherefore, John Doe respectfully requests that this Honorable Court grant a temporary restraining order that halts the order of dismissal issued by the University, requires the University to immediately allow John Doe to resume his classes and status at the University of Illinois, and permits John to complete and sit for his fall semester final exams. Further, John requests that this Honorable Court order the University to show cause why a preliminary injunction should not issue.

Respectfully Submitted,

**JOHN DOE**

By: /s/ Brandon Brown
*Plaintiff's Attorney*

THE BROWN LAW LTD.
4455 S King Drive
Suite 100A
Chicago, IL 60653
T: 773-624-8366
F: 773-624-8365
E: bbrown@thebrownlaw.com

**CERTIFICATE OF SERVICE**

    The undersigned counsel hereby certifies, an oath, that the foregoing, PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTIVE RELIEF, was served via the Court's electronic filing system on Wednesday, December 13, 2023.


/s/ Brandon Brown