**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-02280 |
| | ) | |
| MARIAH YOUNG, et al. | ) | Honorable Colleen R. Lawless |
| | ) | |
| Defendants. | ) | Magistrate Judge Karen L. McNaught |
| | ) | |

**PLAINTIFF'S MOTION TO STAY MOTION TO DISMISS BRIEFING, EXTEND DEADLINE TO RESPOND FOURTEEN DAYS OR UNTIL RESOLUTION ON PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND/OR CLARITY**

NOW COMES the Plaintiff, JOHN DOE, by and through his counsel, Brandon Brown, The Brown Law Ltd., and moves this Honorable Court to stay or strike the current motion to dismiss briefing, extend the deadline to respond to the Defendants' motion to dismiss fourteen days and/or until ruling on the Plaintiff's motion to amend the complaint and for clarity on the Court's position on the current litigation in light of the Plaintiff's filings. In support thereof Plaintiff states as follows:

1. Pending before the Court is the Defendants' motion to dismiss. (Dkt. 28-29)

2. The Plaintiff's response to the Defendants' motion to dismiss is pending as the Plaintiff has filed subsequent motions for extensions of time to file a response to the Defendants' motions to dismiss. None of the Plaintiff's motions for extension of time to respond to the motion to dismiss have been opposed by the Defendants. (Dkt. 30, 33, 34)

3. The Plaintiff has filed a motion to amend the complaint, along with an attached Second Amended Complaint, for which the Defendants will not oppose. (Dkt. 35, 36)

4. The Plaintiff is fully prepared to respond to the Defendants' motion to dismiss. However, due to the nature of the Plaintiff's motion to amend the complaint and the consequence of such filing, the Plaintiff requests that the deadline to respond to the Defendants' motion to dismiss be stayed or otherwise stricken, until the Court has entered a ruling or order on the Plaintiff's unopposed motion to amend the complaint.

5. The Plaintiff makes this request as, according to case law, the Defendants motion to dismiss is likely moot, should the Plaintiff be successful in amending the complaint.

6. "When an amended complaint is filed, the prior pleading is withdrawn and the amended pleading is controlling." *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008). Consequently, "[c]ourts routinely deny motions to dismiss as moot after an amended complaint is filed, unless a defendant wishes to apply that same motion to the amended complaint because the amended complaint has not remedied the previous deficiencies." *Trading Techs. Int'l, Inc. v. BGC Partners, Inc.*, 2010 WL 3272842, at *1 (N.D. Ill. Aug. 17, 2010).

7. Where the proposed amendment requires leave of court, the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave. See, e.g., *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir.2002) (reversing district court's denial of plaintiff's motion for leave to amend complaint, holding that the motion for leave rendered moot the pending motion to dismiss rather than vice versa); *Lim v. Central DuPage Hosp.*, 972 F.2d 758, 762 (7th Cir. 1992) (noting trial judge's denial of pending motion to dismiss as moot in light of amended complaint). *Webster v.*

*Bunge-SCF Grain, LLC*, No. 23-CV-3026, 2023 WL 5167343, at *2 (C.D. Ill. July 12, 2023)

8. In light of the current posture of the litigation and the relevant case law, the Plaintiff requests that the deadline to respond to the Defendants' motion to dismiss be stayed, stricken, or alternatively extended fourteen days or beyond until the Court has entered a ruling or order on the Plaintiff's unopposed motion to amend the complaint.

9. The Plaintiff further seeks clarity from the Court regarding the Court's position on the motion to dismiss briefing in light of the current filings and posture of the litigation.

10. Thus, the Plaintiff is respectfully requesting this Court (1) stay the current briefing schedule on the Defendants' motion to dismiss, or (2) strike the current briefing schedule on the Defendants' motion to dismiss, or (3) grant the Plaintiff an additional fourteen day extension of time to respond to the Defendants' motion to dismiss until June 28, 2024 (or later) to allow for a resolution on the Plaintiff's supplemental motion to amend the complaint, and for the Court to provide clarity on the Court's position on the current posture of the litigation in light of the Plaintiff's filings.

11. Neither party will be prejudiced by the granting of this motion and the matter will not be unduly delayed considering the instant litigation is in its infancy.

WHEREFORE the Plaintiff, John Doe, respectfully requests that this Honorable Court stay the current briefing schedule, strike the current briefing schedule, grant the Plaintiff an additional fourteen days until June 28, 2024 to respond to the Defendants' motion to dismiss and/or provide clarity on the instant litigation in light of the Plaintiff's filings.

        Respectfully Submitted,

        **JOHN DOE**

By:    /s/Brandon Brown

        Brandon Brown
        THE BROWN LAW LTD.
        4455 S. King Drive,
        Suite 100A
        Chicago, Illinois 60653
        Tel: (773) 624-8366
        E: bbrown@thebrownlaw.com

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies, on oath, that the foregoing, PLAINTIFF'S MOTION TO STAY MOTION TO DISMISS BRIEFING, EXTEND DEADLINE TO RESPOND FOURTEEN DAYS OR UNTIL RESOLUTION ON PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND/OR CLARITY, was served on all counsel of record via the Court's electronic filing system in accordance with Fed.R.Civ.P. 5, L.R. 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers,

on Friday, June 14, 2024.

/s/ Brandon Brown