IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 23-cv-2280 |
| MARIAH N. YOUNG, et al., | ) |
| Defendants. | ) |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant's Motion to Remove Plaintiff's Pseudonym [Doc. 42].

I.  **BACKGROUND**

Citing two recent Seventh Circuit decisions, Defendant Board of Trustees of the University of Illinois ("the University" or "Defendant") asks the Court to order Plaintiff John Doe to bring this action under his legal name instead of using a pseudonym. (Doc. 42 at 1). On January 9, 2024, a Protective Order was entered authorizing Plaintiff to use the pseudonym while the University Title IX complainant would be referred to as "Jane Roe." (Doc. 13 at 1). The Protective Order further provided that "[t]he parties shall not refer to student-witnesses who were involved in the disciplinary proceedings by their names or any identifying characters other than pseudonyms." (*Id.*) Plaintiff notes Defendant did not object to entry of the Protective Order. (Doc. 45 at 2).

Plaintiff sought to proceed as John Doe "in order to maintain and protect his privacy and reputational interests as he seeks redress against Defendants for their mishandling of a Title IX investigation into allegations of sexual misconduct brought against him by a female undergraduate student at the University of Illinois." (Doc. 2-1 at 1). Plaintiff's claims in this case "arise from the Defendants' conduct in the course of a confidential disciplinary investigation and adjudication proceeding, involving highly sensitive, personal matters, including John Doe's personal information and Jane Roe's allegations of sexual misconduct and illicit drug abuse." (*Id.* at 1-2). Plaintiff alleges the use of a pseudonym will also further Defendant's interest in "maintaining the confidentiality of its disciplinary proceedings." (*Id.* at 6). Plaintiff further asserts that if he publicly identified, "the University community and anyone loosely associated with the parties will have all the information necessary to quickly and easily ascertain the identity of Jane Roe." (*Id.* at 12).

Defendant alleges Plaintiff is an adult college student pursuing claims related to sexual misconduct proceedings at the University who has not cited any reasons other than those rejected by the Seventh Circuit to support the use of a pseudonym in this litigation. (Doc. 42 at 3). Defendant contends that, because Jane Roe and the other University students are not litigants, they are entitled to the continued use of pseudonyms. (*Id.*)

II.  **DISCUSSION**

In *Doe v. Trustees of Indiana University*, 101 F.4th 485 (7th Cir. 2024), the plaintiff was a medical student who was accused by his romantic partner of physical abuse. *Id.* at

488. While parties' names in federal litigation are typically public information, there are certain exceptions. *Id.* at 491. "A substantial risk of harm—either physical harm or retaliation by third parties, beyond the reaction legitimately attached to the truth of events as determined in court—may justify anonymity." *Id.* Plaintiffs are not allowed to proceed anonymously merely to avoid embarrassment. *Id.* "Title IX litigation is not an exception to the norm that adult litigants are identified by name." *Id.* at 493.

The Seventh Circuit also considered the plaintiff's use of a pseudonym in *Doe v. Loyola University Chicago*, 100 F.4th 910 (7th Cir. 2024). In *Loyola University*, the plaintiff was expelled after the university concluded he had engaged in sexual activity with a fellow student without her properly obtained consent. *Id.* at 912. While anonymity may be the norm in Title IX cases, it must be justified in each case. *Id.* at 913. The type of retaliation that might justify secrecy might include "animus toward people with unpopular religious beliefs," but not simply the possibility "that many people prefer to avoid dealing with wrongdoers." *Id.*

The court in *Loyola University* considered the possibility that identifying Doe would allow some people to infer Jane Roe's identity. *Id.* at 914. The university believed it was "unlikely that there are observers of this case who know enough about Doe's past romantic relationships and disciplinary history to discover the identity of the nonparties involved simply from having Doe's name made public." *Id.* The court of appeals noted another possibility is "that everyone who could put two and two together already has done so." *Id.* Those who might be able to identify the alleged victim after the disclosure of Doe's identity are people who knew they were dating before Doe's expulsion. *Id.* Those

people likely were aware of the expulsion. *Id.* "If they did not put two and two together then, why would they do so now?" *Id.* Because there might be a reason the litigation could provide that information, even though the expulsion did not, the court of appeals observed that "[a]n evidentiary hearing could explore the subject, perhaps with input from Roe about the possible effect of disclosing Doe's identity." *Id.*

While noting that courts often provide anonymity to victims of sex crimes, "and perhaps that is the best analogy for Roe," the court in *Loyola University* "question[ed] whether Roe has a legal entitlement to concealment. *Id.* The court of appeals also questioned whether 20 U.S.C. § 1232g(b), which restricts institutions that receive federal funds from releasing educational records in certain circumstances, offers Roe some protection. *Id.* That issue was flagged but not resolved in *Indiana University* or *Loyola University* because the court lacked the benefit of adversarial briefing. *Id.*

Similar to *Indiana University*, the court of appeals remanded *Loyola University* to the district court so that plaintiff could decide whether to dismiss the suit instead of revealing his name. *Id.* The court in *Loyola University* also directed the district judge to decide whether Roe is entitled to anonymity and, if so, whether putting Doe's name in the court record would be equivalent to revealing *Roe's* identity as well.

Plaintiff takes issue with Defendant's characterization of *Indiana University* and *Loyola University* as "setting new standards." Plaintiff is correct that the two decisions relied on long-established legal principles. However, the Seventh Circuit suggested those principles had too often not been followed by district courts in Title IX cases. *See Indiana University*, 101 F.4th at 492 ("But the assertion 'this is how things have been done' is not

a justification for doing them that way."); *see also Loyola University*, 100 F.4th at 913 ("First, although anonymity may be common in Title IX suits, it must be justified in each case."). Accordingly, contrary to the implication in Plaintiff's response, Defendant does have a good faith basis for requesting the reconsideration of Plaintiff's anonymity.

Plaintiff contends there are significant factors which justify his continued anonymity. In Count III of the second amended complaint, Plaintiff alleges discrimination on the basis of the Americans with Disabilities Act (ADA). Plaintiff has a visual impairment and learning disability which he claims were ignored resulting in harm. Plaintiff contends that the loss of anonymity would result in the widespread exposure of his disability, in addition to present and future discrimination when seeking future employment and educational opportunities. However, a disability generally does not justify proceeding anonymously. ADA plaintiffs almost always proceed under their actual names in federal court.

Plaintiff also asserts he will be subject to retaliation based on race. Plaintiff, who is African-American, was involved in a personal relationship with Jane Roe, who is Caucasian. Roe filed a complaint that Plaintiff improperly touched her 14 months after the alleged incident. Plaintiff alleges the history of racial tension along with the consequences it carries for African-American men accused of improper conduct with Caucasian females is extensive. Based on the numerous acts of violence and harassment associated with these types of allegations throughout United States history, Plaintiff states he will be subject to online harassment and actual physical harm. The Court is certainly cognizant of the many acts of violence and harassment committed against

African-American men throughout our nation's history due to similar allegations. However, the assertion that Plaintiff will be subject to any such acts due to the allegations in this case is speculative at best.

Plaintiff concludes by alleging the disclosure of his name in this case would inevitably lead to revealing Jane Roe's identity as well. Plaintiff and Roe attended the University from 2020 to 2023. Roe invited Plaintiff to a dinner in Nashville in May of 2022. The two individuals shared a hotel room with two others. Plaintiff contends the date, length of time at the University, length of acquaintance, and details surrounding her complaint, along with the proceedings that followed and Plaintiff's allegations that her complaint was false, are specific enough to result in the revelation of Roe's identity. As in *Loyola University*, it may be the case "that everyone who could put two and two together already has done so." 100 F.4th at 914. The individuals who knew Doe and Jane Roe were dating before the University disciplined Doe may be able to identify Roe from the disclosure of Doe's identity. However, if those individuals did not put two and two together then, why would they do so now?" *Id.* at 914. It is also worth noting that most civil lawsuits do not receive any media attention. Moreover, it is unknown whether anyone who knows Doe or Roe would ever avail themselves of the opportunity to view the civil docket in this case. The Court finds there is not enough information in the record to determine whether the disclosure of Doe's identity would allow some people to infer Roe's identity.

Accordingly, the Court hereby schedules a status hearing by videoconference on 9/12/2024 at 1:00 p.m., for the purpose of determining whether an evidentiary hearing is warranted.

ENTER: September 3, 2024

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE