**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

**CERTIFIED COPY**
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

Argued March 4, 2025
Decided March 27, 2025

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

NANCY L. MALDONADO, *Circuit Judge*

| | |
|---|---|
| No. 24-2871 | |
| JOHN DOE, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| *v.* | No. 2:23-cv-02280-CRL-KLM |
| MARIAH YOUNG, et al., | Colleen R. Lawless, |
| *Defendants-Appellees*. | *Judge*. |

## O R D E R

After the University of Illinois investigated and dismissed him for sexually assaulting another student, John Doe sued, arguing that the University's investigation was discriminatory and violated his right to due process. The district court initially granted Doe's unopposed motion to proceed under a pseudonym, but the defendants later moved to remove that pseudonym in light of recent decisions from this court. The district court granted the motion, rejecting Doe's argument that his race and the nature of the allegations create a substantial risk of harm necessitating pseudonymity. Doe appeals, repeating his argument that the racial dynamics of the underlying misconduct create a significant risk of retaliation and hostility. But Doe's argument rests on overly

No. 24-2871 Page 2

broad assumptions, and he has not presented evidence of a substantial risk of harm directed towards him. We affirm the district court's order removing the pseudonym, but remand to allow Doe the opportunity to proceed under his name.

While Doe was a student at the University of Illinois Urbana-Champaign, a fellow student (Jane Roe) filed a complaint under Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681–89, with the Office for Student Conflict Resolution, accusing him of unwanted touching while the two were visiting Nashville. The University investigated (though Doe declined to participate in an interview and the hearing), found Doe culpable, and charged him with sexual assault, as well as drug manufacturing, sale, and distribution. Both Doe and Roe reportedly ingested "molly" (a synthetic drug) prior to the events at issue. Doe's appeal with the University was denied, and he was later dismissed from the school.

Doe then filed the current suit against the defendants, who are faculty and officials of the University. He sought a temporary restraining order and preliminary injunctive relief, seeking to reinstate his standing as a full-time student and reverse the investigation's findings. Doe alleged that the University—throughout its investigation—subjected him to race, gender, and disability-based discrimination, and failed to provide sufficient due process. He further alleged that his dismissal from the University was a breach of contract. The district court declined to grant preliminary relief, and the litigation continued.

With his complaint, Doe also filed a sealed motion to proceed under a pseudonym, citing reputational and privacy interests. The district court granted this motion "for good cause" and invited the defendants to indicate whether they objected to entry of a proposed protective order. Soon thereafter, the court held a hearing with the parties and entered a protective order. At oral argument, defendants admitted that they did not initially object to plaintiff-appellant's Doe status.

Further proceedings ensued, and the defendants later moved to remove Doe's pseudonym based on two recent decisions from this court addressing the use of pseudonyms by litigants in Title IX student litigation. *See Doe v. Trs. of Ind. Univ.*, 101 F.4th 485 (7th Cir. 2024); *Doe v. Loyola Univ. Chi.*, 100 F.4th 910 (7th Cir. 2024).

In a follow-up order, the court reviewed the two decisions and determined that the defendants had a good-faith basis to request reconsideration of Doe's anonymity. The court rejected Doe's suggestion that his alleged disabilities (a visual impairment

No. 24-2871 Page 3

and learning disability) justified proceeding anonymously or that the allegations against him in this case would subject him to acts of violence and harassment. But the court harbored concerns about whether the disclosure of Doe's identity would allow some people to infer Roe's identity, so the court scheduled a status conference to determine whether an evidentiary hearing would be warranted.

The court then held the status conference and received position statements regarding the need for an evidentiary hearing. Accepting the defendants' position (supplemented by an email from Roe) that she had no concerns about the possible effects of revealing Doe's identity, *see Loyola Univ. Chi*, 100 F.4th at 914, the court concluded that an evidentiary hearing would be a "waste of resources" and granted the defendants' motion to remove Doe's pseudonym.

District judges have the discretion to permit pseudonymous litigation when the balance of harms justifies it. *Trs. of Ind. Univ.*, 101 F.4th at 492. Anonymity can be justified by a minor's status, a substantial risk of harm, or improper retaliation from a third party. *Id*. at 491. However, plaintiffs may not proceed anonymously merely to avoid reputational damage or embarrassment. *Id*. And while anonymity has been common in Title IX litigation, these cases are "not an exception to the norm that adult litigants are identified by name." *Id*. at 493. We uphold a district court's anonymity decision so long as the correct legal standard was applied, and the decision was based on facts supported by the record. *Doe v. Village of Deerfield*, 819 F.3d 372, 376 (7th Cir. 2016).

On appeal, Doe challenges the district court's decision to remove his pseudonym. He argues, first, that the court ignored the risk of substantial harm he faces if he cannot proceed anonymously. He elaborates that interracial sexual relationships between White women and Black men are the subject of heightened prejudice and violent responses that create a tangible risk of retaliation and animus against him. In support, he cites the dissenting opinion from *Thomas v. Lumpkin*, 143 S. Ct. 4 (2022) (Sotomayor J., dissenting from the denial of certiorari), which discusses the history of racism and prejudice evoked by interracial intimacy between Black men and White women.

But Doe does little to connect his current circumstances to the historic injustices addressed in the *Thomas* dissent—a nonbinding opinion in an entirely different context. Nor does he explain how national statistics of on-campus violence show that he, specifically, faces a substantial risk of harm from retaliation. We have recognized that anonymity can be justified by a substantial risk of retaliation beyond the reaction

No. 24-2871 Page 4

legitimately attached to the facts—such as animus toward certain religious groups. *Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 721–24 (7th Cir. 2011). But to support a retaliation justification Doe needed to present specific facts showing that he is a potential subject of the racial animus he describes. *See id*. at 723–24. For example, the plaintiffs in *Elmbrook* pointed to more than religious animus on a national scale—they submitted sworn affidavits showing that they had previously suffered reprisals for airing their views on religion, supported by posts from online forums that included anonymous direct threats to their safety. *Id*. While we credit the history of racial violence and prejudice that Doe describes, the existence of this racial animus alone—without facts particularizing a threat to Doe—is not enough to show that Doe faces a tangible risk of retaliation.

Doe next points to other potential harms—namely loss of job prospects, reputational harm and loss of privacy—that, he thinks, justify the use of a pseudonym. But in *Doe v. Trustees of Indiana University*, a similar case where the plaintiff sued his university for sex discrimination during its investigation of his alleged sexual assault of another student, we held that fear of stigmatization and a desire not to reveal intimate details were not enough to justify anonymity for the plaintiff. 101 F.4th at 492. Plaintiffs suing in this context are not "free to inflict reputational harm while sheltering themselves from loss." *Id*. And anonymity is not justified simply because Doe prefers to keep the public from learning that the University found that he committed misconduct. *Loyola Univ. Chi.*, 100 F.4th at 913.

Lastly, Doe relies on an out-of-circuit and a district court decision to advocate for a multifactor approach for anonymity decisions. *See, e.g.*, *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993) (highlighting factors relevant to anonymity decisions, including whether the matter is of a sensitive and highly personal nature); *Doe v. Trs. of Ind. Univ.*, 577 F. Supp. 3d 896 (S.D. Ind. 2022) (recognizing similar multifactor approach). But we have already rejected this approach and held that many of the factors are irrelevant to the determination whether anonymity is appropriate. *Indiana Univ.*, 101 F.4th at 492.

One final note: Doe may still elect to proceed with his claims under his given name. Accordingly, this action is remanded to the district court for proceedings consistent with this order. If Doe chooses not to name himself, his complaint must be dismissed without prejudice.

AFFIRMED and REMANDED.

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## FINAL JUDGMENT

March 27, 2025

CERTIFIED COPY
A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

Before

**MICHAEL B. BRENNAN,** *Circuit Judge*
**AMY J. ST. EVE,** *Circuit Judge*
**NANCY L. MALDONADO,** *Circuit Judge*

| | |
|---|---|
| No. 24-2871 | JOHN DOE,<br>                Plaintiff - Appellant<br><br>v.<br><br>MARIAH N. YOUNG, et al.,<br>                Defendants - Appellees |
| **Originating Case Information:** ||
| District Court No: 2:23-cv-02280-CRL-KLM<br>Central District of Illinois<br>District Judge Colleen R. Lawless ||

The judgment of the District Court is **AFFIRMED** and **REMANDED** in accordance with the decision of this court entered on this date. Each party to bear its own costs.

*[signature]*

Clerk of Court

form name: **c7_FinalJudgment**     (form ID: **132**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

April 18, 2025

To: Shig Yasunaga
UNITED STATES DISTRICT COURT
Central District of Illinois
U.S. Courthouse
Urbana, IL 61802-3369

| | |
|---|---|
| No. 24-2871 | JOHN DOE,<br><br>          Plaintiff - Appellant<br><br>v.<br><br>MARIAH N. YOUNG, et al.,<br><br>          Defendants - Appellees |
| **Originating Case Information:** ||
| District Court No: 2:23-cv-02280-CRL-KLM<br>Central District of Illinois<br>District Judge Colleen R. Lawless ||

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:                                        No record to be returned

form name: **c7_Mandate**    (form ID: **135**)